**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

(1)  KATIE MOISER,

        Plaintiff,

v.

(1)  ALLSTATE FIRE AND CASUALTY
     INSURANCE COMPANY,

        Defendant.

Case No. __CIV-16-1462-HE__

Removed From
District Court of Oklahoma County
Case No. CJ-2016-6200

**NOTICE OF REMOVAL**

     Defendant, Allstate Fire and Casualty Insurance Company ("Allstate"), submits its Notice of Removal of the above-styled action to the United States District Court for the Western District of Oklahoma. This action is now pending in the District Court of Oklahoma County, Oklahoma, as above-captioned, and docketed as number CJ-2016-6200. Copies of all of the pleadings and process filed in this action to-date are attached as Exhibit 1. A copy of the Docket Sheet from the State court action is also attached as Exhibit 2.

     Removal from state court is proper as subject matter jurisdiction exists under the diversity statute, 28 U.S.C. § 1332. The parties are of diverse citizenship. Plaintiff is a citizen of the State of Oklahoma. (Ex. 1, ¶ 1). Defendant is an Illinois corporation with its principal place of business in Illinois.

     Additionally, the requisite amount in controversy, exclusive of interest and costs, is in excess of $75,000. The United States Supreme Court recently held in *Dart Cherokee Basin Op. Co., LLC v. Owens*, 135 S.Ct. 547, 553-54 (2014) that a notice of removal is

governed by the general "notice pleading" standard under Fed.R.Civ.P. 8(a) and evidentiary submissions supporting removal are not required.  According to *Dart*, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and "need not contain evidentiary submissions." (*Id*., pp. 551, 554) (emphasis added).  In sum, courts should "apply the same liberal rules [to removal allegations] that are applied to other matters of pleading."  (*Id*., p. 553) (addition in original).  *See also*, *Lundahl v. Am. Bankers Ins. Co. of Florida*, 610 Fed.Appx. 734, 736 (10th Cir. 2015) (applying *Dart* and holding notice of removal effective because defendant alleged diversity of citizenship and jurisdictional amount exceeding $75,000); *C&S Roofing and Fencing, LLC v. State Farm Fire and Cas. Co*., 2015 WL 4770857 (W.D. Okla. Aug. 12, 2015) (applying *Dart*, *supra*).

Here, the allegations in Plaintiff's Petition demonstrate that the amount in controversy exceeds $75,000, exclusive of interest and costs.  First, Plaintiff alleges $34,675 in actual damages— $9,675 for breach of contract and $25,000 for tortious bad faith.  (Ex. 1, p. 3, Prayer For Relief).

Second, the Petition contains allegations sufficient to support a claim of "Category I" punitive damages.  *See*, *McPhail v. Deere & Co*., 529 F.3d 947, 955 (10th Cir. 2008) (holding punitive damages allowed by state law are to be considered when determining the amount in controversy).  Paragraph 20 of the Petition alleges that Allstate "acted in <u>reckless disregard</u> of the Plaintiff's rights…." (Emphasis added).  Punitive damages awardable under Category I may be in an amount not to exceed <u>the greater of</u> (1) $100,000.00, or (2)

the amount of the actual damages awarded. (23 O.S. § 9.1(B)). Plaintiff's punitive damages claim alone is sufficient to meet the jurisdictional amount.

Last, Plaintiff seeks to recover attorney fees. (Ex. 1, p. 3, Prayer For Relief). *Miera v. Diaryland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (holding reasonable estimate of attorneys fees recoverable under state law are to be considered when determining the amount in controversy). Consequently, Plaintiff's claims for actual damages, punitive damages, and attorney fees make it clear that more than $75,000 is in dispute.

The parties to this action are of diverse citizenship and the requisite amount is in controversy. Therefore, the United States District Court for the Western District of Oklahoma has original jurisdiction of this matter under the diversity statute, and Defendant is entitled to have this action removed to federal court.

                                  Respectfully submitted,

                                  s/RONALD L. WALKER
                                  RONALD L. WALKER, OBA #9295
                                  JERRY D. NOBLIN, JR. OBA #20296
                                  Tomlinson · Rust · McKinstry · Grable
                                  Two Leadership Square, Suite 450
                                  211 North Robinson Ave.
                                  Oklahoma City, Oklahoma 73102
                                  Telephone:  405/606.3370
                                  Facsimile:   877/917.1559
                                  ronw@TRMGlaw.com
                                  jerryn@TRMGlaw.com
                                  *Attorneys for Defendant Allstate Fire and Casualty Insurance Company*

## **CERTIFICATE OF SERVICE**

☑    I hereby certify that on December 22, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Scott Gallagher, OBA #16356
LITTLE, OLIVER & GALLAGHER
One West Main
Ardmore, OK 73401
Telephone: (580) 224-0900
Facsimile: (580) 224-0903

                                                   s/ RONALD L. WALKER